IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRED CLIFTON, #18320-043                                                     PETITIONER

V.                                                  CIVIL ACTION NO. 3:19-cv-270-HTW-LRA

WARDEN C. RIVERS                                                    RESPONDENT

<u>ORDER</u>

BEFORE THE COURT is pro se Petitioner Fred Clifton's "Motion [7] for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b)" signed October 7, 2019, and filed on this Court's docket on October 8, 2019. Mot. [7] at 1. Clifton filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On July 23, 2019, the Court dismissed this case with prejudice as to the jurisdictional issue and without prejudice in all other respects. *See* J. [4]; Order of Dismissal [3].

Initially, the Court notes that a motion seeking relief under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A court cannot extend the time to act under Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2); *see Haygood v. Quarterman*, 239 F. App'x 39, 41 (5th Cir. 2007) (noting district court "lack[s] the power to enlarge the time to file [a] Rule 59(e) motion"). Petitioner's motion is clearly untimely filed as a Rule 59(e) motion. Therefore, to the extent Petitioner's motion seeks relief under Rule 59(e) it is denied.

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Petitioner states that he is seeking relief under Rule 60(b)(3) and (d)(3) for "fraud on the court"

and under Rule 60(b)(6) for a "[d]ue [p]rocess [v]iolation and extraordinary circumstances." Mot. [7] at 2, 4.

A motion seeking relief under Rule 60(b)(3) for fraud or misrepresentation must be filed within one year after the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). Rule 60(d)(3) allows courts to "set aside a judgment for fraud on the court" without the "strict time bar" present for relief under (b)(3). *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009). Petitioner filed his motion for reconsideration within one year of the judgment. In any event, Petitioner fails to demonstrate a fraud on the court justifying relief from the final judgment. *See Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992) (citation omitted)("A Rule 60(b)(3) assertion must be proved by clear and convincing evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case or defense."). Petitioner is not entitled to relief under Rule 60(b)(3) or (d)(3).

Rule 60(b)(6) allows a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, a motion for relief under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Petitioner fails to present extraordinary circumstances warranting relief under Rule 60(b)(6).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that for the reasons set forth above, pro se Petitioner Fred Clifton's Motion [7] for Reconsideration is DENIED.

THIS, the 27th day of January, 2020.

          **s/ HENRY T. WINGATE**
          UNITED STATES DISTRICT COURT JUDGE